UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 08-02-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANDRE DESHAWN LUNDY, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of *pro se* Defendant Andre DeShawn Lundy's motion requesting appointment of counsel. [Record No. 103] With respect to this request, the Court notes that the United States Constitution does not provide a right to counsel in collateral proceedings. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005).[1] For most motions filed seeking habeas relief, requests for appointment of counsel should be considered under 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2255(g). Ultimately, however, the decision to appoint counsel rests within the sound discretion of the court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B).

Counsel should be appointed "'if given the difficulty of the case and the litigant's ability, [he] could not obtain a lawyer on his own, and [he] would have a reasonable chance of winning

---

[1]     Precedent under 28 U.S.C. § 2254 may be applied, when appropriate, to § 2255 cases. *See Davis v. United States*, 94 S.Ct. 2298, 2304 (". . . § 2255 was intended to mirror § 2254 in operative effect. . . ."); *United States v. Vancol*, 916 F. Supp. 372, 377 n.3 (D.Del. 1996)

with a lawyer at [his] side'." *Thirkield v. Pitcher*, 199 F. Supp.2d 637, 653 (E.D. Mich. 2002) (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). Here, Lundy asserts that counsel should be appointed because he does not have legal education and his petition for habeas relief was prepared by another inmate based on the alleged errors the other inmate believes occurred in Lundy's case. While the assisting inmate is no longer available, Lundy contends that the claims he presents through his petition are valid. He also argues that, because his case was not summarily dismissed, the Court has determined that it is not frivolous.

Lundy asserts that he is entitled to habeas relief because his attorney was ineffective. More specifically, he contends that his trial attorney told him to be honest during plea negotiations and admit the number of trips he made to Kentucky to distribute prescription drugs. He asserts that, in this regard, his attorney did not explain the concept of relevant conduct and the resulting increase in his base offense level due to the additional drugs. He also argues that he was not advised of the possibility of being sentenced as a career offender due to his prior convictions.

In response to his habeas petition, the United States correctly outlines the standard which must be met before a petitioner may obtain habeas relief. With respect to the issue of relevant conduct, the government points out that Lundy's relevant conduct was based in large part upon admissions made at the time of his arrest, well before counsel was appointed to represent him. Further, by virtue of Lundy's criminal history and his status as a career offender, the drug quantity attributed to him was largely irrelevant in determining his sentence. However, contrary

to Lundy's claim, his attorney did object to the inclusion of additional pills in calculating his relevant conduct.

Having considered both the nature and grounds for the relief sought, the Court does not believe that counsel should be appointed. Habeas corpus is an extraordinary remedy for unusual cases. The appointment of counsel is required only if the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F.Supp.2d 637, 653 (E.D. Mich. 2002). In the present case, the issues raised by Lundy are clear and can be determined from the record as supplemented by the parties. In short, Lundy's chances of success would not be increased by the appointment of counsel. Therefore, the Court concludes that it would be a waste of resources to appoint counsel for him. Accordingly, it is hereby

**ORDERED** that the Defendant's motion for appointment of counsel [Record No. 103] is **DENIED**.

This 17th day of June, 2011.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**